UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTHONY PERRI,

                        Plaintiff,

            -against-

BARRAK HUSSEIN OBAMA, President of the
United States of America; ERIC HIMPTON
HOLDER, Attorney General of the United States
of America; LORRETTA LYNCH, U.S.
Attorney of the Eastern District of New York;
ROBERT T. JOHNSON, District Attorney for
Bronx County New York,

                        Defendants.
-----------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**

11-CV-5214 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

DEC 5 2011

BROOKLYN OFFICE

**AMON, Chief United States District Judge:**

Plaintiff Anthony Perri filed this pro se action on October 24, 2011.  Plaintiff's request to proceed in forma pauperis is granted.  For the reasons that follow, the action is dismissed without prejudice.

### BACKGROUND

Plaintiff is a frequent litigant in this Court.  See Perri v. Bloomberg, et al., No. 06 CV 403 (CBA), 2011 WL 2119331 (E.D.N.Y. May 27, 2011) (approving settlement and dismissing the case); Perri v. Cardozo, et al., No. 06 CV 2846 (ARR) (E.D.N.Y. Sept. 25, 2006) (case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim on which relief could be granted); Perri v. The United States District Court for the E.D.N.Y., et al., No. 07 CV 282 (ARR) (E.D.N.Y. Jan. 30, 2007) (same); Perri v. City of New York, et al., No. 08 CV 451 (ARR), 2009 WL 3839317 (E.D.N.Y. Nov. 17, 2009) (dismissed without prejudice, following appeal and remand), aff'd, 382 Fed. Appx. 27, 2010 WL 2563404 (2d Cir. 2010); Perri v. Obama, et al., Docket No. 10 CV 5038, 2010 WL 4961802 (E.D.N.Y. Nov. 30, 2010) (dismissed without prejudice); Perri v. Obama, et al., No. 11 CV 165 (ARR), 2011 WL 685826 (E.D.N.Y. Feb. 15,

2011) (dismissed without prejudice); Perri v. Obama, et al., No. 11 CV 1359 (CBA)(E.D.N.Y.
Jun. 6, 2011) (dismissed without prejudice); Perri v. Bloomberg, et al., No. 11 CV 2646
(CBA)(pending); Perri v. Kelly, et al., No. 11 CV 3208 (dismissed without prejudice), 2011 WL
5024299 (E.D.N.Y. Oct. 19, 2011)(reconsideration denied).

Plaintiff's instant complaint alleges that the defendants used police officers and civilians,
including his current landlords and neighbors, to release toxic substances into his living quarters
and food, interfere with his medical treatment, and entrap him in criminal activity. (Complaint
¶¶ 8-9, 12.) He states that Defendants Obama, Holder, & Lynch also threaten to kill him.
(Complaint ¶ 13.) Plaintiff further alleges that the defendants' alleged harassment of him is part
of a vast conspiracy involving international and national security. (Complaint ¶¶ 10-11.)
Plaintiff requests injunctive and declaratory relief, the appointment of pro bono counsel, and
$50 million in compensatory and punitive damages. (Complaint ¶¶ 20-25.)

## DISCUSSION

When a court finds the factual allegations in a complaint to be frivolous, it must dismiss
the action or claims. See 28 U.S.C. § 1915(e)(2)(B). An action is considered frivolous when
"either: (1) the factual contentions are clearly baseless, such as when allegations are the product
of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."
Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations
and citations omitted).

Plaintiff's claims regarding the involvement of federal officials in a scheme to poison
him or entrap him in criminal activity using thousands of civilians are fantastic and incredible.
Faced with the these claims, and mindful of the need to conserve judicial resources, the Court
finds that no substantial claim could be asserted on plaintiff's behalf in this action.

The Court notes that it has considered whether it should appoint a guardian ad litem.

2

See Ferrelli v. River Manor Health Care, 323 F.3d 196, 201 (2d Cir. 2003) (holding that a district court should consider the appointment of a guardian when "presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent."). The Court was presented with evidence of plaintiff's history of mental illness in his prior cases, and held a hearing in order to determine whether plaintiff is competent to bring suit. The Court determined that a guardian ad litem was necessary to protect plaintiff's interests in Perri v. Bloomberg, 06 CV 403 (CBA). However, the Court finds that it need not appoint a guardian ad litem in this case, because the Court has carefully reviewed plaintiff's instant complaint and finds that appointment of a guardian ad litem in this proceeding would be futile, as it appears that no guardian could save plaintiff's claims from dismissal. See Burke v. Coughlin, No. 86-CV-1174E (M), 1995 WL 350349 (W.D.N.Y. May 30, 1995) (declining to appoint a guardian ad litem where the action was unlikely to continue).

For the foregoing reasons, the complaint is dismissed, without prejudice, and without the appointment of a guardian ad litem.

## CONCLUSION

The Court dismisses the instant action without prejudice. The Clerk of Court is directed to close this case. For purposes of in forma pauperis status on appeal, the Court certifies that no appeal would be taken in good faith. 28 U.S.C. § 1915(a)(3); see Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

s/CBA

SO ORDERED.

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
December 5, 2011

3