UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANTHONY PERRI,

                Plaintiff,

        -against-

BARRAK HUSSEIN OBAMA, President of the
United States of America; ERIC HIMPTON
HOLDER, Attorney General of the United States
of America; LORRETTA LYNCH, U.S.
Attorney of the Eastern District of New York;
ROBERT T. JOHNSON, District Attorney for
Bronx County New York,

                Defendants.
----------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**

11 CV 5214 (CBA)

**AMON, Chief United States District Judge:**

      Plaintiff Anthony Perri filed this *pro se* action on October 24, 2011. The Court dismissed the complaint without prejudice on December 5, 2011. On December 21, 2011, plaintiff filed a motion for relief from the judgment pursuant to Rule 60(b)(3) & (6) of the Federal Rules of Civil Procedure. On December 27, 2011, plaintiff also submitted a "Memorandum of Law" that was addressed to officials in Rochester, New York. This document summarizes the background of plaintiff's litigation in this Court and reiterates his claims about the alleged local, national, and international conspiracies directed at him. For the following reasons, plaintiff's Rule 60(b) motion for relief from the Court's judgment is hereby denied.

      The Court summarized plaintiff's history of litigation in its December 5, 2011 order, and will not repeat it here. (<u>See</u> DE # 2.) The instant action alleged that various public officials have harassed plaintiff and attempted to entrap him in criminal activity as part of a massive conspiracy. The Court found plaintiff's allegations frivolous and dismissed the action.

      Plaintiff's motion for reconsideration seeks relief from the judgment on the grounds of

"Fraud, Misrepresentation, Misconduct, & Entrapment." (Mot. ¶ 2.) It also seeks the recusal of the assigned judges, and asks the Court to "refer this litigation to the Chief Judges of the Circuit and Supreme Court" or to transfer it to the United States District Court for the Southern, Northern, or Western District of New York. In an accompanying Affidavit, plaintiff states that Judges Amon and Ross have dismissed or closed his cases by fraud. (Aff. ¶ 2.)

Rule 60(b)(3) of the Federal Rules of Civil Procedure permits a party to seek relief from a final judgment because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "However, a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). Although plaintiff disagrees with the Court's dismissal of his action as frivolous, and attempts to provide further allegations in support of his claims, he offers no evidence upon which the Court could find that the order dismissing his complaint was secured by fraud or misrepresentation. In addition, the plain text of Rule 60(b)(3) requires fraud or misconduct by *an opposing party*. Fed. R. Civ. P. 60(b)(3). Plaintiff is not entitled to relief under this section because he has not alleged that an opposing party has committed fraud or misconduct in connection with the judicial proceedings before this Court. See Gonzalez v. Crosby, 545 U.S. 524, 528 (2005); Simons v. United States, 452 F.2d 1110, 1115 (2d Cir. 1971) ("[C]lause (3) permits relief only for fraud of an adverse party").

Plaintiff also seeks relief under the catch-all provision of Rule 60(b), which provides that relief may be granted for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). "This portion of the Rule is properly invoked only when there are

extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986).  Plaintiff's disappointment with the adverse decision in his case does not present an "exceptional circumstance" that would justify relief under this section.

For the foregoing reasons, Plaintiff is not entitled to relief under Rule 60(b)(3) or 60(b)(6).  Accordingly, his December 21, 2011 motion for relief from the judgment is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  Brooklyn, New York
      January 18, 2012

                                                  /s/
                                      Carol Bagley Amon
                                      United States District Judge